NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LINDA PRATT, individually and as personal representative on behalf of TARIK PRATT, an incompetent person,<br><br>      Plaintiffs,<br><br>  v.<br><br>ANN KLEIN FORENSIC CENTER, et al.,<br><br>      Defendants. | Civ. No. 15-5779<br><br>OPINION |

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter is before the Court upon a Motion to Dismiss filed by Ann Klein Forensic Center, Ancora Psychiatric Hospital, Dr. Robert Roth, Dr. Glenn Ferguson, Linda Elias, Elizabeth Connolly, Valerie Mielke, Dr. David Roat, and Christopher Morrison ("Defendants"). (ECF No. 28).  Tarik Pratt, and his mother, Linda Pratt ("Plaintiffs") oppose. (ECF No. 32). The Court has decided the Motion based on the written submissions of the parties and without oral argument pursuant to Local Civil Rule 78.1(b).  For the reasons stated herein, Defendants' Motion will be granted in part and denied in part.

### BACKGROUND

Tarik Pratt suffered a traumatic brain injury over fifteen years ago.  He is legally incompetent, and involuntarily civilly committed to the Ann Klein Forensic Center ("AKFC"). AKFC is a state psychiatric hospital.  Plaintiffs allege the following: Mr. Pratt was formerly at Ancora Psychiatric Hospital ("Ancora"), another state hospital, where he was stable on his

medication and showing improvement. On June 2, 2011, Mr. Pratt was moved to AKFC. Shortly after the move, Mr. Pratt's medication was changed by Defendant Dr. Roth, and Mr. Pratt immediately began to deteriorate. Mr. Pratt was consistently overmedicated by Dr. Roth and several unnamed members of AKFC's staff.

On September 16, 2011, Mr. Pratt told his mother that another patient sexually assaulted him. Ms. Pratt filed a Notice of Tort Claim against AKFC. Plaintiffs allege that instead of investigating the sexual assault, Defendant Ferguson, AKFC's Chief Executive Officer, Defendant Elias, AKFC's Deputy Chief Executive Officer, Defendant Dr. Roth, and other unnamed defendants retaliated against Mr. Pratt by undertaking harsh measures including: solitary confinement, starvation, denial of medical care, and physical abuse. This abuse continued on and off for a period of time.

Mr. Pratt continued to be overmedicated at AKFC. There were involuntary civil commitment hearings held over a period of years, but neither Mr. Pratt nor his mother were permitted to speak at any hearing. Mr. Pratt's involuntary commitment was consistently continued by these hearings.

Mr. Pratt was transferred back to Ancora Psychiatric Hospital on May 8, 2015. Defendant Dr. Roat changed Mr. Pratt's medication, and again Mr. Pratt deteriorated due to the change in his medication. Mr. Pratt was overmedicated by defendants at Ancora until he was transferred back to AKFC on October 28, 2015. Mr. Pratt continued to be overmedicated at AKFC, and it appears that the overmedication is ongoing. Plaintiffs were scheduled to have another hearing on Mr. Pratt's involuntary commitment in October 2015, but it was cancelled without explanation.

Linda Pratt filed a complaint on July 27, 2015, on behalf of herself and her son Tarik Pratt. (ECF No. 1). The complaint alleged multiple due process violations, violation of Mr.

Pratt's rights under the Developmental Disabilities Assistance and Bill of Rights Act of 2000, violations under the New Jersey Civil Rights Act, violations of multiple New Jersey statutes related to civilly committed individuals and disabled individuals, and a claim that Linda Pratt suffered emotional distress as a bystander. (*Id.*). Plaintiffs amended their complaint multiple times, though the core allegations remained the same. (ECF Nos. 3, 5, 8, 27). Plaintiffs filed an emergency motion for a preliminary injunction to halt Mr. Pratt's overmedication, but this motion was resolved between the parties without the Court's participation. (ECF No. 26). Defendants then filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 28). This Motion is presently before the Court.

## **LEGAL STANDARDS**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either (1) "attack the complaint on its face" or (2) "attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "The defendant may facially challenge subject matter jurisdiction by arguing that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *D.G. v. Somerset Hills School Dist.*, 559 F.Supp.2d 484, 491 (D.N.J. 2008). On a facial attack, a court must accept the allegations in the complaint as true. *Mortensen*, 549 F.2d at 891.

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d

Cir. 2005).  When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis.  *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).  "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)).  Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, No. 14-3792, 2016 WL 106159 (3d Cir. Jan. 11, 2016).  However, the court may disregard any conclusory legal allegations.  *Fowler*, 578 F.3d at 203.  Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

## ANALYSIS

As a preliminary matter, the Court must decide which of the five complaints on the docket should be addressed by the Court.  Defendants have moved to dismiss Plaintiffs' third amended complaint, ECF No. 8.  A plaintiff is only permitted to amend a complaint once as of right.  Fed. R. Civ. P. 15(a).  Additional amendments can only be submitted with the opposing party's written consent or with the court's leave.  *Id.*  Plaintiffs' additional amendments were not submitted with Defendants' written consent, or with the Court's leave.  However, since it appears that Plaintiffs served the additional defendants added by the third amended complaint (ECF Nos. 16-21) and that all Defendants chose to respond to the third amended complaint (ECF No. 28), the Court will grant Plaintiffs leave to file their third amended complaint (hereinafter "Complaint").[1]  This Complaint is now the operative complaint in this case, replacing all other

---

[1] Plaintiffs belatedly submitted a "Statement to Support Amendment of Complaint" to argue for allowing their fourth amended complaint to be the operative complaint in this matter.  (ECF No. 29).  However, since it appears that the defendant added by the fourth amended complaint was

4

complaints. *See Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n.2 (1982) ("once accepted, an amended complaint replaces the original").

### A. Sovereign Immunity

Defendants argue that Plaintiffs' Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because Defendants are entitled to sovereign immunity under the Eleventh Amendment. States may only be sued when they have waived their sovereign immunity, or when Congress has authorized a specific type of suit for the purpose of enforcing the Fourteenth Amendment. *Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Sovereign immunity extends to institutions that are arms of the state. *Alden v. Maine*, 527 U.S. 706, 740 (1999).

State officials are also protected by sovereign immunity when they are sued in their official capacities for damages. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). However, a plaintiff may sue state officials in their official capacities if the plaintiff is seeking prospective relief, such as an injunction. *Ex parte Young*, 209 U.S. 123, 155-56 (1908). Additionally, a plaintiff may sue state officials in their individual capacities for prospective relief and for damages. *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).

AKFC and Ancora Psychiatric Hospital are both state hospitals, created by statute. *See N.J. Stat. Ann.* § 30:1-7. Both institutions have previously been accorded sovereign immunity as arms of the state. *Hobson v. Tremmel*, No. 11-4590, 2013 WL 3930132, at *4 (D.N.J. July 30, 2013); *Brown ex rel. Payton v. Ancora Psychiatric Hosp.*, No. 11-7159, 2012 WL 4857570, at *1 (D.N.J. Oct. 11, 2012) (citing multiple cases). It is appropriate to view AKFC and Ancora as arms of the state because they are created by the state, the state controls and funds them, they

---

not served, and the Defendants have not addressed the fourth amended complaint, this amendment is denied. Plaintiffs may move to amend their complaint in the future as needed.

have no authorization to sue or be sued in their own right, and any judgment against them would be taken out of the state treasury. *Brown ex rel. Payton*, 2012 WL 4857570, at *1. Therefore, this Court finds that the state hospitals are protected by sovereign immunity, and must be dismissed from this suit.

The remainder of the Defendants are state officials who work at AKFC and Ancora. The Complaint does not specify whether they are being sued in their official or individual capacities, but Plaintiffs seek both damages and injunctive relief. Alleged actions such as overmedicating Mr. Pratt suggest that the state officials are being sued in their official capacities, since prescribing medication is part of a doctor's official duties. Other alleged actions, such as physically abusing Mr. Pratt, suggest that Plaintiffs are suing the state officials in their individual capacities. When a pleading is unclear, and a plaintiff seeks punitive damages, this Circuit has resolved such doubts in favor of the plaintiff. *Atwell v. Schweiker*, 274 F. App'x 116, 118 (3d Cir. 2007) (citing *Gregory v. Chehi*, 843 F.2d 111, 119-20 (3d Cir. 1988)). Since the Complaint is unclear, and it requests both damages and injunctive relief, this Court will construe the Complaint as suing the state official defendants in both their official and individual capacities.

Since plaintiffs are permitted to sue state officials acting in their official capacities for injunctive relief, and they are permitted to sue state officials acting in their individual capacities for injunctive relief and damages, Plaintiffs' claims against the state officials will not be barred by sovereign immunity.

**B. Section 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation

6

> of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Thus, to state a claim for relief under Section 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiffs' first count, which concerns Mr. Pratt's due process rights under the Fourteenth Amendment, falls under Section 1983. Defendants argue that they are not "persons" under Section 1983 who are amenable to suit. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1983) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). Defendants are correct that AKFC and Ancora are not amenable to suit under Section 1983. *See Brown ex rel. Payton*, 2012 WL 4857570, at *2 (holding that Ancora is not a "person" under Section 1983 and therefore not amenable to suit). The remaining defendants, who are all state officials, may not be sued under Section 1983 in their official capacities, but as determined above, Plaintiffs appear to be suing the state officials in their official and individual capacities. State officials can be sued under Section 1983 in their individual capacities. *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 856 (3d Cir. 2014) (citing *Hafer*, 502 U.S. at 27). Therefore, Plaintiffs' Section 1983 claim against the state officials will not be dismissed.

### C. Supplemental Jurisdiction

Plaintiffs' Complaint contains both federal and state law claims. Defendants argue that this Court may not exercise supplemental jurisdiction over Plaintiffs' state law claims because the state has not waived its sovereign immunity. However, as explored above in Section A, only the two hospitals are fully protected by sovereign immunity. Therefore, this Court may exercise

supplemental jurisdiction over any state claims that share a "common nucleus of operative fact" with Plaintiffs' federal claims. *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003), *as amended* (Nov. 14, 2003) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). All of Plaintiffs' claims stem from the same events regarding Mr. Pratt's alleged overmedication and poor treatment at AKFC and Ancora. Therefore, this Court may exercise supplemental jurisdiction over Plaintiffs' state law claims.

### D. Injunctive Relief

Defendants make the argument that this Court lacks subject matter jurisdiction over the injunctive relief Plaintiffs seek, and that therefore this Court lacks subject matter jurisdiction over the entire Complaint. However, 28 U.S.C. § 1331 provides federal district courts with original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1331 and discussing the scope of the district courts' jurisdiction). Since Plaintiffs raise claims based on the Constitution and federal statutes, this Court may exercise original jurisdiction over these claims. This Court may also exercise supplemental jurisdiction over Plaintiffs' sufficiently related state law claims, regardless of the potential relief at issue. *See id.*; 28 U.S.C. § 1367(a). Defendants rightfully observe that courts are poorly equipped to dictate a patient's medical care, but courts may fashion procedural remedies that address patients' due process complaints. *See, e.g., Disability Rights New Jersey, Inc. v. Comm'r, New Jersey Dep't of Human Servs.*, 796 F.3d 293 (3d Cir. 2015).

Defendants go on to discuss the state administrative relief mechanisms available to involuntarily civilly committed patients like Mr. Pratt. This discussion implies that Mr. Pratt failed to exhaust his administrative remedies before filing his first complaint. However, the

record is insufficiently developed to reflect what administrative remedies Plaintiffs have or have not pursued thusfar, so the Court will not address this argument.

### E. Statute of Limitations

Defendants argue that Count V, which alleges that Defendants' negligence led to Mr. Pratt's sexual assault, is barred by the applicable two-year statute of limitations. Defendants argue that Count VI, Mrs. Pratt's bystander emotional distress claim, is also barred in so far as it relates to Mr. Pratt's alleged sexual assault. Plaintiffs agree that the statute of limitations is two years, but they argue that no part of the Complaint is barred because Mr. Pratt is entitled to equitable tolling due to his mental incapacity.

N.J.S.A. 2A:14–21 tolls the statute of limitations for any person with a mental disability that prevents him from understanding his legal rights or commencing a legal action. This tolling is not lifted by the appointment of a guardian, or the availability of another person to sue on the disabled person's behalf. *Nicolas v. Ocean Plaza Condo. Ass'n, Inc.*, 73 F. App'x 537, 542 n.9 (3d Cir. 2003) (citing multiple New Jersey cases). Therefore, Mr. Pratt's negligence claim is tolled as long as his disability prevents him from understanding his legal rights or commencing a legal action. Construing the Complaint in the light most favorable to the Plaintiffs, the Complaint alleges that Mr. Pratt's disability is severe enough to toll the statute of limitations. Therefore Count V is not barred by the applicable statute of limitations.

Defendant notes that Count VI, Mrs. Pratt's bystander emotional distress claim, arises from Mr. Pratt's negligence claim. When a bystander liability claim is made, and the underlying claim is tolled, the bystander liability claim is tolled as well. *Mansour v. Leviton Mfg. Co.*, 890 A.2d 336, 342 (N.J. Super. Ct. App. Div. 2006). Therefore, Count VI is not barred by the statute of limitations.

## **CONCLUSION**

For the reasons discussed above, Defendants' Motion to Dismiss will be granted in part and denied in part. An appropriate order will follow.

 /s/ Anne E. Thompson  
ANNE E. THOMPSON, U.S.D.J.